**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

THE REPUBLIC OF POLAND,

                  *Petitioner*,

         v.

VINCENT J. RYAN, SCHOONER CAPITAL LLC,
and ATLANTIC INVESTMENT PARTNERS LLC,

                 *Respondents*.

Civil Action No. _____

## PETITION TO RECOGNIZE AND ENFORCE ARBITRATION AWARD

1.      The Republic of Poland ("Poland"), by its undersigned attorneys, pursuant to

Section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, and the Convention on the

Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York

Convention"), petitions this Court for an Order: (1) confirming, recognizing, and enforcing the

final award (the "Award") rendered by an arbitral tribunal (the "Tribunal") on November 24, 2015,

in an arbitration (the "Arbitration") commenced by Vincent J. Ryan ("Ryan"), Schooner Capital

LLC ("Schooner"), and Atlantic Investment Partners LLC ("Atlantic," and, collectively with Ryan

and Schooner, "Award-debtors") against Poland (collectively, with Award-debtors, the "Parties"),

conducted pursuant to the Arbitration (Additional Facility) Rules of the International Centre for

Settlement of Investment Disputes (the "ICSID Additional Facility Arbitration Rules");

(2) entering judgment in Poland's favor against Award-debtors in the amounts of the Award plus

post-Award, pre-judgment interest accruing at a rate of 12% per annum; and (3) awarding Poland

such other and further relief as this Court may find just and proper.  A copy of the Award is

attached as Exhibit 1 to the accompanying Declaration of Alexandre de Gramont ("de Gramont

Declaration"). A copy of the ICSID Additional Facility Arbitration Rules is attached as Exhibit 4 to the de Gramont Declaration.

### PARTIES, JURISDICTION, AND VENUE

2.      Poland brings this proceeding under Chapters 1 and 2 of the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq., and the New York Convention.

3.      Poland is a foreign state and was the respondent in the Arbitration.

4.      Upon information and belief, Respondent Ryan is a citizen of the United States and maintains a business address at 60 South Street, Suite 1120, Boston, MA 02111, and a residence at 2 Avery St, Boston, MA 02111.

5.      Upon information and belief, Respondent Schooner is a limited liability company registered in Delaware and maintains a business address at 60 South Street, Suite 1120, Boston, MA 02111.

6.      Upon information and belief, Respondent Atlantic is or was a limited liability company registered in Delaware with a business address at 60 South Street, Suite 1120, Boston, MA 02111.

7.      This Court has original jurisdiction over this action under 9 U.S.C. §§ 203 and 207 because this is a civil action seeking recognition and enforcement of an award rendered in an arbitration falling under the New York Convention.

8.      The Award was rendered in Paris, France, and is governed by the New York Convention under 9 U.S.C. § 202 because it arises out of a commercial legal relationship that is not entirely between citizens of the United States.

9.      Venue is proper in this Court pursuant to 9 U.S.C. § 204, 28 U.S.C. § 1391(b)(1), and  28 U.S.C. § 1391(b)(3) because, *inter alia*, all Award-debtors reside and/or have their principal place of business in Massachusetts.

## THE AGREEMENT TO ARBITRATE

10.      The Parties' agreement to arbitrate arises from a bilateral investment treaty between the United States of America and Poland, namely, the Treaty Between the United States of America and the Republic of Poland Concerning Business and Economic Relations (the "BIT"). De Gramont Declaration, Exhibit 2.  The BIT was signed on March 21, 1990, and entered into force on August 6, 1994.

11.      Article IX of the BIT contains a standing offer by Poland to arbitrate certain investment disputes (as provided for under the terms of the BIT) with nationals of the United States such as the Award-debtors.

12.      The Award-debtors, as nationals of the United States, accepted Poland's offer to arbitrate disputes in a Declaration dated September 2, 2010.  De Gramont Declaration, Exhibit 3; Award, ¶ 340.

## THE ARBITRATION AND AWARD

13.      In the Arbitration, Award-debtors alleged that Poland had breached its obligations under the BIT with respect to investments that they had made in Poland.  Award-debtors alleged, *inter alia*, that certain matters of taxation and local proceedings undertaken in Poland had violated Poland's BIT obligations concerning expropriation and fair and equitable treatment.  *See* Award, ¶¶ 348-49, 497-501.

14.      As stated above, Award-debtors commenced the Arbitration on March 31, 2011. The Arbitration took place before a distinguished Tribunal consisting of Mr. Makhdoom Ali Khan

(President), Professor Francisco Orrego Vicuña (appointed by Award-debtors), and Professor

Claus von Wobeser (appointed by Poland).  The Tribunal received multiple written submissions

from the Parties and held a hearing on jurisdiction and the merits in Paris from April 28, 2014, to

May 6, 2014.  On November 24, 2015, the Tribunal dispatched a well-reasoned, 189-page Award

to the Parties, rejecting all of the claims asserted against Poland.

15.     The Tribunal ordered Award-debtors, as the losing parties, to pay to Poland

USD 2,725,657.10 in costs. Award, ¶¶ 522, 527.  At the same time, the Tribunal also awarded

Award-debtors USD 85,209.92 in respect of certain procedural applications on which they

prevailed against Poland in the Arbitration.  Offsetting that sum against the Tribunal's award in

Poland's favor results in a total costs award for Poland in the amount of USD 2,640,447.18.  *See*

Award, ¶¶ 523, 527.  The Award-debtors are jointly and severally liable to Poland for said amount,

plus interest.

16.     Pursuant to Article IX of the BIT and Article 52(4) of the ICSID Additional Facility

Arbitration Rules, the Award is final and binding on the parties within the meaning of the New

York Convention and Chapters 1 and 2 of the FAA.

17.     Poland has requested that Award-debtors pay the Award, but Award-debtors have

failed to do so.

18.     The Award did not address the question of post-award interest.  Poland is entitled

to post-award, pre-judgment interest because "federal law allows a district court to award post-

award, prejudgment interest in actions under the New York Convention."  *Ministry of Def. &*

*Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc.*, 665 F.3d

1091, 1103 (9th Cir. 2011); *see also Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH,*

141 F.3d 1434, 1446–47 (11th Cir.1998); *Waterside Ocean Navigation Co. v. Int'l Navigation*

*Ltd.,* 737 F.2d 150, 153–54 (2d Cir.1984).  Further, an award of prejudgment interest "avoids unjust enrichment."  *TMTV, Corp. v. Mass Prods., Inc.*, 645 F.3d 464, 474 (1st Cir. 2011).

19.     Poland is entitled to post-Award, pre-judgment interest calculated at the Massachusetts interest rate of twelve percent per annum as provided by Mass. Gen. Laws ch. 231, §§ 6B, 6C, and 6H, on the Award amounts accruing from November 24, 2015, the date the payment under the Award was due, through the date of this Court's judgment.  *See In re Gianasmidis*, 318 F. Supp. 3d 442, 454 (D. Mass. 2018) ("Under Massachusetts law, the 12% interest rate set forth in Massachusetts General Laws chapter 231 [ . . . ] automatically attaches to arbitration awards -- even when the award is silent on the issue.").

## LEGAL STANDARD

20.     Section 207 of the FAA provides that a court "shall confirm" an award covered by the New York Convention "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the [New York] Convention."  9 U.S.C. § 207.

21.     Accordingly, this Court must confirm the Award unless "it finds one of the grounds for refusal or deferral of recognition or enforcement of the award" specified in the New York Convention.  *Sesostris, S.A.E. v. Transportes Navales, S.A.*, 727 F. Supp. 737, 741 (D. Mass. 1989).  No such grounds exist in the instant case.  There is a strong public policy in favor of international arbitration, and review of arbitration awards should be quite limited "to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation."  *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 90 (2d Cir.2005). The basis for the Award against the Award-debtors – that arbitral tribunals may assess costs against the losing parties – is well accepted and uncontroversial in international arbitration.

22.     For the foregoing reasons, Poland is entitled to an order confirming, recognizing, and enforcing the Award pursuant to 9 U.S.C. § 207 and Article IV of the New York Convention.

## **REQUESTED RELIEF**

23.     Petitioner Poland therefore requests that this Court, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.*, enter an Order against Award-debtors:

1.     Confirming the Award and granting judgment in favor of Poland and against Award-debtors, jointly and severally, in the amount of USD 2,640,447.18.

2.     Awarding Poland post-Award, pre-judgment interest, accruing at a rate of twelve percent per annum under Mass. Gen. Laws ch. 231, §§ 6B, 6C, and 6H, from November 24, 2015, through the date of this Court's Order, or in such other amount as the Court deems just and proper.

3.     Awarding Poland such other and further relief as the Court may deem to be just and proper, including, as appropriate, the posting of security.

- 7 -

Dated: November 14, 2018

Respectfully submitted,

*/s/ Timothy Blank*
Timothy Blank
Massachusetts Bar No. 548670
DECHERT LLP
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02110
Telephone: (617)728-7154
Facsimile: (617)426-6567
timothy.blank@dechert.com

Alexandre de Gramont*
D.C. Bar No. 430640
DECHERT LLP
1900 K Street NW
Washington, DC  20006
Telephone: (202)261-3300
Facsimile: (202)261-3333
Alexandre.deGramont@dechert.com
**pro hac vice* admission to be filed

*Counsel for Petitioner Republic of Poland*